### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EVONNE SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JO ANNE B. BARNHART, ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) <br> _____) | **CIVIL ACTION** <br><br> **No. 02-2236-KHV** |
| JOHNNIE PEARL JACKSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JO ANNE B. BARNHART, ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) <br> _____) | **CIVIL ACTION** <br><br> **No. 04-2504-KHV** |
| DELBERT LAWS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JO ANNE B. BARNHART, ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) <br> _____) | **Civil No. 04-2521-KHV** |

**JOLECE Y. ELDRIDGE,**           )
                                  )
             **Plaintiff,**        )
                                  )    **CIVIL ACTION**
**v.**                            )
                                  )    **04-2524**
**JO ANNE B. BARNHART,**          )
**COMMISSIONER OF SOCIAL SECURITY,** )
                                  )
             **Defendant.**        )
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on Johnnie Pearl Jackson's Motion For Extension Of Time (Doc. #11) filed March 17, 2005 in Case No. 04-2504. For reasons set forth below, the Court finds that plaintiff's motion should be sustained in part.

Plaintiff Jackson has filed a second request for extension of time in her case. In both the first and the second motions, counsel states that he is "unable to meet the current deadline for filing its brief, due to the large volume of cases pending." In the current motion, counsel also states that he has "recently taken on a dozen more appeals in District Court, of necessity, to aid a colleague who has undergone major surgery." Motion For Extension Of Time (Doc. #11).

The Court directs counsel to Rule 1.3 of the Kansas Judicial Branch Rules, adopted by the Supreme Court.[1] See Sup. Ct. Rules, Rule 226, Rules of Prof. Conduct, Rule 1.3. Rule 1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." The Comment to this rule states that "[a] lawyer's workload should be controlled so that each matter can be handled adequately." Id. The

---

[1] The Kansas Supreme Court rules can be found online at http://www.kscourts.org/ctruls/rule1-10.htm#1.3.

2

Comment further warns that

> [p]erhaps no professional shortcoming is more widely resented than procrastination. A client's interest often can be adversely affected by the passage of time or the change of conditions; in extreme instances, as when a lawyer overlooks a statute of limitations, the client's legal position may be destroyed. Even when the client's interests are not affected in substance, however, unreasonable delay can cause a client needless anxiety and undermine confidence in the lawyer's trustworthiness.

Id. The Court notes that since January 4, 2005, counsel has filed requests for extensions of time in all four cases social security cases currently pending before this judge. Counsel has used identical boilerplate language in each motion, indicating that he cannot complete work due to a "large volume of cases pending." Yet counsel has now taken on additional cases for an ailing colleague. While the Court appreciates counsel's good heart and willingness to assist a colleague, it notes that he has an ongoing ethical obligation to *current* clients that he appears to have difficulty meeting. Because the Commissioner has no objection to plaintiff's motion for extension of time and in the interest of justice, the Court grants plaintiff's motion for a brief extension. Plaintiff's brief is due on **Friday, March 25, 2005.** The Court will not grant any further requests by plaintiff for extensions of time in the Jackson or any other pending case. Any further motion will be summarily overruled, and counsel is admonished that a motion for an extension of time will not operate to extend or suspend any deadline.

**IT IS THEREFORE ORDERED** that Johnnie Pearl Jackson's Motion For Extension Of Time (Doc. #11) filed March 17, 2005 in Case No. 04-2504 be and hereby is **SUSTAINED in part**.

Dated this 21st day of March, 2005, at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

3